THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SUSAN SZABO; ZOLTAN SZABO

        Plaintiffs,

   v.

BANK OF NEW YORK MELLON, et al.

        Defendants.

No. 1:15-cv-0347-PA

**ORDER**

**PANNER, J.**

    This matter comes before the Court on pro se Plaintiffs' Complaint (#1) and Application to Proceed *in forma pauperis* (IFP) (#2). For the reasons set forth below, Plaintiffs' Complaint is DISMISSED with leave to amend.

### Background

    Plaintiffs in this action borrowed $230,000 on August 12, 2004, to finance the purchase of property in Josephine County, Oregon. The loan was secured by a Note and Deed of Trust. In 2012, Plaintiffs began to experience financial difficulties and fell behind on their mortgage payments. At some point, Defendants initiated foreclosure proceedings.

1 - ORDER

## Legal Standard

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S.

2 - ORDER

544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. Id.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id.

### Discussion

Plaintiffs bring this action alleging breach of contract, "failure to prove lawful position as a Note Holder," demands for records, and human rights violations.

**I. Standing**

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III [of the United States Constitution]." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). "Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). At an "irreducible minimum,"

3 - ORDER

Article III "standing requires the party asserting the existence of federal court jurisdiction to establish three elements: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) causation); and (3) a likelihood that a favorable decision will redress the injury." Wolfson v. Brammer, 616 F.3d 1045, 1056 (9th Cir. 2010)(citation omitted).

In addition to these constitutional limitations on federal court jurisdiction, there are also prudential limitations on its exercise. Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1103-04 (9th Cir. 2006). The doctrine of prudential standing "restrict[s] the grounds a plaintiff may put forward in seeking to vindicate his personal stake." Id. at 1104. Courts must consider, among other things, "whether the alleged injury is more than a mere generalized grievance, whether the plaintiff is asserting her own rights or the rights of third parties, and whether the claim falls within the zone of interests to be protected or regulated by the constitutional guarantee in question." Wolfson, 616 F.3d at 1056 (citation and internal quotation marks omitted). "[A]s a prudential matter, even when a plaintiff has Article III standing, we ordinarily do not allow third parties to litigate on the basis of the rights of others." Planned Parenthood of Idaho, Inc., Inc. v. Wasden, 376 F.3d 908, 917 (9th Cir. 2004).

In this case, Plaintiffs appear allege that Defendants failed to comply with the requirements of its pooling and servicing agreement (PSA). Plaintiffs allege that this failure somehow constituted a breach of contract with Plaintiffs.

4 - ORDER

Plaintiffs do not allege that they are parties to the PSA or investors in the REMIC trust. It is well settled that a plaintiff lacks standing to enforce the terms of a PSA when he is neither a party to, nor a third party beneficiary of, that agreement. See, e.g. Oliver v. Delta Fin. Liquidating Trust 6:12-cv-00869-AA, 2012 WL 3704954, at *4 (D. Or. Aug. 27, 2012). Plaintiffs therefore lack standing to challenge Defendants' compliance with the terms of the PSA.

## II. Factual Issues

**Plaintiffs appear to allege that the involvement of** Mortgage Electronic Registration Systems, Inc. (MERS) in their loan potentially constitutes a violation of the Oregon Trust Deed Act (OTDA). The Complaint, however, alleges only that Defendants have initiated a foreclosure proceeding. It is possible for a lender to foreclose on a Note and Deed of Trust without recourse to non-judicial foreclosure under the OTDA. See Memmott v. OneWest Bank, Civil No. 10-3042-CL, 2011 WL 1560985 at *11 (D. Or. Feb. 9, 2011)(describing the three mechanisms for enforcing a security interest under Oregon law). It is not clear from the Complaint whether the foreclosure action was brought subject to the OTDA, nor is it clear if that action is ongoing or completed.

Plaintiffs also allege that they demanded to see the "wet ink" copies of their Note. Plaintiffs appear to allege that Defendants' failure to do produce the original Note constitutes either a breach of contract or a separate cause of action. The Complaint does not allege that Defendants had a contractual obligation to produce the original Note upon demand.

5 - ORDER

Plaintiffs also allege that if Defendants present them with copies of the Note, such an act would be "considered counterfeiting." Plaintiffs provide no support for this conclusory allegation.

### III. The Universal Declaration of Human Rights

Finally, Plaintiffs allege that Defendants and their attorneys have used their membership in state bar associations to commit human rights violations in contravention of the Universal Declaration of Human Rights.

The Universal Declaration of Human Rights is not a treaty of the United States, but rather a non-binding resolution of the General Assembly of the United Nations "which creates legal obligations only insofar as it represents evidence of customary international law." Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 719-20 (9th Cir. 1992). The Declaration does not, of its own force, impose obligations as a matter of international law. Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35 (2004). Nor does the Declaration serve as a source of justiciable rights. Serra v. Lappin, 600 F.3d 1191, 1197 n.5 (9th Cir. 2010).

To the extent that Plaintiffs base their claims on the Universal Declaration of Human Rights, the Complaint fails to state a claim.

### Conclusion

Plaintiffs' Complaint (#1) is DISMISSED. Because I cannot say with certainty that Plaintiffs could not amend their complaint to state a claim, dismissal with without prejudice and with leave to amend. If Plaintiffs wish to file an amended

6 - ORDER

complaint, they must do so within 30 days of the date of this Order. I defer ruling on Plaintiffs' Application to Proceed IFP (#2) pending timely submission of an amended complaint.

IT IS SO ORDERED.

DATED this _//_ day of March, 2015.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

7 - ORDER